IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL BLACK,                           )
                                         )
                Plaintiff,               )        Civil Case No. 08-539-KI
                                         )
        vs.                              )        OPINION AND ORDER
                                         )
MICHAEL J. ASTRUE, Commissioner          )
of Social Security Administration,       )
                                         )
                Defendant.               )
_____  )

        Rory Linerud
        P. O. Box 1105
        Salem, Oregon  97308-1105

                Attorney for Plaintiff

        Karin J. Immergut
        United States Attorney
        District of Oregon
        Adrian L. Brown
        Assistant United States Attorney
        1000 SW Third Avenue, Suite 600
        Portland, Oregon  97204-2904

Page 1 - OPINION AND ORDER

Terrye E. Shea
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075

       Attorneys for Defendant

KING, Judge:

Plaintiff prevailed in this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits and supplemental security income benefits. Before the court is Plaintiff's Motion for EAJA Fees (#26), which I grant for a reduced amount.

## DISCUSSION

I.    <u>General Rulings</u>

Plaintiff seeks $8,447.85 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The Commissioner has compared the fee request in this case with the fee requests filed by plaintiff's counsel, Rory Linerud, in 15 other cases. Based on this comparison, and the Commissioner's opinion of the relative complexity of the cases, the Commissioner objects to any award of fees in this case and some of the other cases in which motions for EAJA fees are pending. Specifically, the Commissioner objects to Linerud's block billing practices, to his use of quarter-hour increments which results in a request for compensation for hours not reasonably expended on this matter, and to his filing of substantially

similar billing records in numerous cases before the court, regardless of the complexity of the case.

For example, the 16 cases have administrative records ranging from 160 to 792 pages in length and opening briefs ranging from 17 to 29 pages in length.  In some cases, Linerud represented the plaintiff at the administrative level, making him more familiar with the issues, and in other cases he did not.  In some cases, the Commissioner agreed to remand after plaintiff filed a brief and in other cases, the Commissioner did not.  The number of hours claimed in the cases ranged from 49.75 to 58.75, with 11 of the 16 cases taking between 49.75 and 52.75 hours. In all cases, Linerud took 3.00 hours to review the ALJ decision, the action of the Appeals Council, and the file; 3.00 hours to prepare the Summons, Complaint, and Civil Cover Sheet with attachment; and 2.00 hours to draft the EAJA application, affidavit, and itemized time sheet.

Linerud argues that his office is a one-attorney operation, that he allocates three long days to researching and writing his brief in each case, with specific tasks separated in an orderly fashion that suits his abilities, and that he follows a routine in every case.

I am not convinced that Linerud's explanation would result in time spent which is this uniform between cases, particularly with the vast difference in the lengths of the administrative records and some cases not having a defense brief filed.  Thus, I adopt the following conclusions and supporting analysis from the Hon. Thomas M. Coffin, who ruled on the same objections by the Commissioner in another of Linerud's cases, <u>Brandt v. Commissioner</u>, Civ. No. 08-658-TC (D. Or. June 16, 2009):

> 1.  Plaintiff is entitled to fees reasonably incurred in this action, as determined by the lodestar calculation.

2.   The hourly rate sought of $166.46 is reasonable.

3.   The block-billed and separately-billed tasks will be reduced for time spent on tasks that are primarily clerical in nature.

4.   The quarter-hour billing increments inflates the billing hours and will be reduced.

5.   Some of the block-billed tasks are for excessive amounts of time and will be reduced.

II.    Reduction for Clerical Tasks

For the reasons given by Magistrate Judge Coffin, I make the following reductions:

– reduce the 3.00 hours spent on preparing Summons, Complaint, and Civil Cover Sheet with attachment to 0.75 hours; and

– reduce the 2.00 hours spent on drafting EAJA Application, Affidavit of Counsel and itemized invoice for legal services to 0.50 hours.

I also completely strike the following tasks for being primarily clerical in nature:

– 0.50 hours for preparing an IFP affidavit;

– 0.25 hours for sending a letter to the US Attorney with the Social Security number;

– 1.00 hours for filing the Summons, Complaint, Civil Cover Sheet with attachment, and IFP application;

– 1.00 hours for serving defendants by certified mail, preparation, and mailing Summons and Complaint to three parties;

– 0.50 hours for preparing a certificate of service; and

– 0.25 hours for filing the certificate of service with return cards.

III.    <u>Reduction for Quarter-Hour Billing Increments</u>

Twenty-two of the remaining tasks are billed as taking one hour or less, with 13 of the 22 tasks taking 0.25 hours. These tasks total 8.75 hours. I agree with Magistrate Judge Coffin's reasoning that this inflates the time for many tasks that take six minutes or less. Consequently, I reduce this time by 30 percent, for an award of 6.125 hours.

IV.    <u>Reduction for Redundant and Block Billing</u>

Plaintiff seeks the following time, billed in blocks:

– 3.00 hours for reviewing the ALJ decision, the action of the Appeals Council, and consulting the file regarding the need to pursue a federal appeal;

– 10.75 hours to research legal issues and prepare an outline of legal arguments for plaintiff's brief;

– 10.00 hours to write a first draft of plaintiff's brief; and

– 9.75 hours to proof, correct, re-draft, and file plaintiff's brief.

I am concerned that plaintiff is seeking an excessive amount of time to review the record, formulate the legal argument, draft, and edit the brief. I am particularly troubled by the fact that the 16 cases have administrative records ranging from 160 to 792 pages in length and opening briefs ranging from 17 to 29 pages in length. This variation has to effect significantly the length of time needed to review the record and write the brief. In this case, the administrative record was 324 pages long and plaintiff's brief contained 21 pages–both figures on the shorter side. Linerud represented plaintiff at the administrative level and consequently would have some familiarity with plaintiff's medical record. Moreover, plaintiff did not have to review and respond to a defense brief because the Commissioner stipulated to a remand. Because plaintiff elected to provide large blocks of time for the court's review, I do not have enough information

Page 5 - OPINION AND ORDER

to make a determination of whether the time was well-spent.  For these reasons, I will reduce

these four instances of block billing by 30 percent.  This results in a reduction for these time

blocks from 33.50 hours to 23.45 hours.

IV.    <u>Summary</u>

The reduced award consists of the following parts:

– preparing Complaint and associated documents:              0.75 hours

– preparing EAJA application and associated documents:        0.50 hours

– remaining nonclerical tasks originally billed at 1 hour or less:  6.125 hours

– block-billed tasks:                                          23.45 hours

This totals 30.825 hours, compensated at $166.46 per hour, for a total award of

$5,131.13.

## CONCLUSION

Plaintiff's Motion for EAJA Fees (#26) is granted in part, for an award of $5,131.13, to

be paid directly to Rory Linerud, as stated in the fee agreement.

IT IS SO ORDERED.

Dated this ____16th_____ day of June, 2009.


                            __/s/ Garr M. King_____
                            Garr M. King
                            United States District Judge